**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

ROBERT MAXWELL,

Plaintiff,

v.

COUNTY OF COOK, a unit of local Government; THOMAS DART, in his individual and official capacity as Sheriff of Cook County, Illinois, BILL CUNNINGHAM, in his individual capacity,

Defendants.

Case No.

Plaintiff Demands Trial By Jury

**COMPLAINT**

Plaintiff ROBERT MAXWELL, by and through his undersigned attorneys, complains against Defendants and states as follows:

**Nature of the Action**

1. Plaintiff ROBERT MAXWELL brings this action for violations of the *Shakman* Decree, and for violations of his civil rights pursuant to 42 U.S.C. § 1983 and 1988, and for declaratory, compensatory, and equitable relief. Defendants violated Plaintiff's rights under the First and Fourteenth Amendments to the United States Constitution when Defendants failed to promote Plaintiff and engaged in other acts of retaliation against him in violation of his rights under the First Amendment to freedom of speech and freedom of association.

**Jurisdiction and Venue**

2. This Court has original subject matter jurisdiction over Plaintiff's *Shakman* Decree and First Amendment claims pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343. The *Shakman* Decree also confers jurisdiction with this Court over Plaintiff's *Shakman* Decree claim.

3. Further, venue is proper in this judicial district in accordance with 28 U.S.C. § 1391(b) and (c), as Plaintiff and all Defendants either reside in this district or have their principle place of business in this district, and all events giving rise to Plaintiff's claims occurred within this district.

**Parties**

4. Plaintiff ROBERT MAXWELL ("Maxwell") is a citizen of the United States who resides in Cook County, Illinois.

5. Plaintiff Maxwell was hired by Cook County through the Sheriff's Office in 1991. Plaintiff Maxwell is currently an employee of the Sheriff's office.

6. Defendant COOK COUNTY is a municipality incorporated under the laws of the State of Illinois. Cook County administers itself through departments, one of which is the Cook County Sheriff's Office ("Sheriff's Office"). At all relevant times, Defendant Cook County, through the Sheriff's Office, has been continuously engaged in an industry affecting commerce.

7. At all relevant times, Defendant THOMAS DART ("Dart") served in the elected position of Sheriff of Cook County, Illinois. Dart was at all relevant times hereto

the final decision maker and policy maker in the Sheriff's Office. Defendant Dart is sued in his official and individual capacities.

8. At all relevant times, Defendant BILL CUNNINGHAM ("Cunningham") served as the Director of Operation for the Sheriff of Cook County, Illinois. Cunningham was at all relevant times hereto delegated as a final policy maker in the Sheriff's Office. Cunningham is sued in his individual capacity.

**SRO Prerequisites**

9. Plaintiff filed an SRO complaint form with the Sheriff's office on June 16, 2009.

10. Plaintiff received the Sheriff's Office of Professional Review's Case Report, dated December 15, 2009, on or about December 18, 2009.

11. Plaintiff has timely filed this action within 30 days of the date of receipt of the Sheriff's Office of Professional Review's Case Report.

**Factual Allegations Common to All Counts**

12. Maxwell has worked in policing since 1969 in various positions.

13. Maxwell started working for the Sheriff's Office on or about June 3, 1991 under former Sheriff Michael Sheahan.

14. Maxwell has received numerous commendations and has outstanding performance for the Sheriff's office.

15. Maxwell went to Officer Candidate School. He was a member of the National Guard, and then the Army Reserves. In 1990, Maxwell was a Captain of

Military Intelligence. Maxwell has held the positions of patrol officer, tactical officer, special operations officer, gang specialist, investigator, and evidence technician throughout his forty-year law enforcement career. Maxwell has also held the position of Assistant Director of Security for Centrust Savings, once the largest savings and loan in Florida. In the U.S. Army reserves and Illinois Army National Guard, Maxwell was a Second Lieutenant in the Military Police Corps, A First Lieutenant in the Infantry and Engineer Corps (where he was Aide De Camp and Security Officer for the 316th Engineer Command), and a Captain in Military Intelligence (Threat Intelligence Analyst and Counterintelligence Officer). Maxwell has had thousands of hours of additional police and military training in furtherance of his career. Maxwell also holds a Bachelor of Arts Degree in Criminal Justice and a Masters Degree in Public Administration.

16. Prior to the events leading up to this lawsuit, Maxwell held among the following positions for the Sheriff's Office: Assistant Chief Court Services; Merit Board Investigator; Internal Affairs Investigator; and Division Administrator, Juvenile Courts.

17. In or about 1993, Ed Carik and John Kinnane told him that it would behoove him to attend the fundraisers and told he had to knock on doors, which he did because he was told to, but to his displeasure. He also received invitations for fundraisers for Sheahan, which requested a contribution of $500.00.

18. On or about March 29, 2004, Maxwell was appointed as a police officer for the Sheriff's Police Department of the Cook County Sheriff's Office.

19. Maxwell currently holds the rank of Police Officer for the Cook County Sheriff's Police Department, a division of the Cook County Sheriff's Office under Sheriff Tom Dart and his Director of Operations, Defendant Cunningham.

20. In October 2005, Maxwell went to the Democratic "slating party" and advised Sheahan and Dart that he was going to run against Dart in the primary for Sheriff.

21. Maxwell ran against Defendant Tom Dart in the slating of the Democratic candidate for the Sheriff's election in 2006.

22. At the slating party, Defendant Dart told Maxwell, "You know this is a done deal."

23. Edward Carik, Director of Intergovernmental Affairs, told Maxwel to go to Dart and offer his services to him, and to do whatever he could for him during his campaign for Sheriff.

24. John Kinnane, Chief of Courts, told another employee to take his name off of Maxwell's petition for Sheriff or "he would lose his job."

25. On or about December 17, 2005, Kinnane also telephoned Plaintiff's wife and told her to "talk some sense into your husband" to quit running for Sheriff, that it was going to cost Maxwell his political future, and going to cost their daughter the job getting on as a Cook County Sheriff.

26. After Maxwell had announced his intentions to run for Sheriff on the Democratic ticket, Chief of Patrol, Matt Walsh, who is politically aligned with Sheahan

and Dart, told Maxwell that he was not going to get anything else in Sheriff's Police (meaning promotions or special assignments).

27. At the October 2005 slating party, Defendant Dart was slated as the Democratic candidate for Sheriff.

28. Since October 2005 and the 2006 primary and continuing to the present, Defendants have subjected Maxwell to retaliation in violation of the First Amendment.

29. Defendants denied Maxwell a promotion to the position and merit rank of Sergeant.

30. In September 2007, Maxwell tested and passed the Sergeant's test.

31. The Sergeant's List is maintained for two (2) years.

32. The Sheriff's Office and Dart promoted fifteen (15) people off the Sergeant's List since in or about October 2008: Daryl Bernard, Bonnie Busching, Nathan Camer, James Davis, Timothy Hannigan, Rita Mendez, Gary Newsom Jr., Frederi Nowaczyk, Timothy Odonnell, Jason O'Malley, Roger Shelton, Terrenc Tabb, Nichola Trinidad, Servand Velez, and Tamara Wuerffel.

33. All of the individuals that were promoted off of the 2007 Sergeant's List have contributed to Sheriff Dart's political campaign or a Democratic party associated with Sheriff Dart or have some "clout" upon which their promotion was based.

34. Maxwell is objectively more qualified than the other individuals that were promoted to Sergeant.

35. Since October 30, 2008 and continuing, Maxwell has been denied promotions to Sergeant and special assignments in violation of the First Amendment and the *Shakman* decree.

36. As recently as on or about April 7, 2009, Defendants also promoted Jason O'Malley to the merit position of Sergeant.

37. Maxwell is objectively more qualified than Jason O'Malley for the promotion to Sergeant.

38. Maxwell has repeatedly applied for specialty assignments in the Cook County Sheriff's Police Department.

39. Maxwell is objectively more qualified than other individuals that Defendants appointed to these specialty assignments.

40. As recently as January 2009, Maxwell put in for specialty assignments as Evidence Technician and Detective and Special Operations Investigator.

41. Defendants promoted Bob Cassidy, Jimmie Ollie, Maria Lopez, Vincent Garrett, Rochelle Parker, George Velisaris, Michael Cokeley, Robert Gassmamn, Raymond Struck, Maureen Donohue, Patrick Brosnan, and Dominic Boggia to those specialty assignments.

42. Maxwell is more qualified than these individuals for those positions.

43. On or about January 16, 2009, Maxwell was removed from the specialty assignment in Research and Development. Robert Thomas was maintained in that position. Maxwell is more qualified than Robert Thomas for that position.

44. Plaintiff Maxwell satisfactorily performed the duties of police officer, consistently earning the highest possible rankings and positive feedback on his performance appraisal reports.

45. The promotions decisions for the Cook County Sheriff's Police for positions of Sergeant are made by Defendant Dart and/or Defendant Cunningham, as Dart's Director of Operations.

46. Defendants are bound by the orders entered in the case of *Shakman et al. v. The Democratic Organization of Cook County et al.*, No. 69 C 2145 (the "Shakman Decree").

47. Defendants have violated the consent decrees and judgments entered by the Court in *Shakman v. Democratic Organization of Cook County et al.*, No. 69 C 1343 (the "*Shakman* Decree") and Plaintiff's First Amendment right to be free from employment decisions made for reasons of political patronage by selecting less-qualified candidates for the position of Sergeant and for special assignments for political reasons.

## COUNT I

**(Shakman Violation**
**v. Cook County and Cook County Sheriff's Office)**

48. Plaintiff realleges and incorporates by reference paragraphs 1-47 above as if fully set forth herein.

49. The *Shakman* Decree forbids Defendant Cook County and the Cook County Sheriff's Office from conditioning or basing any aspect or term of County

employment, with respect to one who at the time is a County employee, upon or because of a political reason or factor.

50. The positions that Plaintiff applied for including sergeant and the special assignments were not at anytime exempt from the *Shakman* Decree.

51. Defendant Cook County Sheriff's Office, through Cook County, violated the *Shakman* Decree by intentionally using a political reason or factor to choose other candidates over Maxwell despite the superior qualifications and skill of Maxwell.

52. Defendant Cook County continues to engage in a pattern and practice of violating the *Shakman* Decree.

53. As a result of Defendant Cook County's actions, Plaintiff has suffered loss of income, endured emotional pain and suffering, humiliation, and incurred attorney's fees and expenses.

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

    A. Find that defendants are in contempt of this Court, and assess an appropriate punishment therefore;

    B. Enter a preliminary and a final injunction directing Defendants to promote Plaintiff to the merit rank of Sergeant and specialty assignments, and prohibiting defendants from retaliating against plaintiff in any way because of the exercise of his First Amendment rights;

    C. Award plaintiff back pay and front pay;

    D. Award plaintiff compensatory damages, costs and disbursements, and reasonable attorney's fees;

  E. All other damages available under the provisions of the Shakman Decrees and/or as otherwise provided by law, fees and costs; and

F. Grant plaintiff such other and further relief as the Court deems just.

**COUNT II**

**(42 U.S.C. § 1983, First Amendment v. All Defendants)**

54. Plaintiff realleges and incorporates by reference paragraphs 1-47 above as if fully set forth herein.

55. At all times relevant hereto, Defendants acted as employees, supervisors, and final policymakers for the Sheriff's Office.

56. The conduct of Defendants was and became the custom and practice of the Sheriff's Office.

57. By Defendants' actions, Plaintiff suffered compensable injury and harm as a result of the denial of rights guaranteed to him pursuant to the First Amendment to the United States Constitution.

58. Defendants intentionally subjected Plaintiff to unequal and retaliatory treatment by denying him promotions, denying him training, denying him special assignments in violation of the First Amendment and treating him in an overall disparate manner.

59. Defendants have acted under color of state law at all material times hereto.

60. The conduct of Defendants violated Plaintiff's rights to free speech and free association as secured by the First Amendment to the Constitution.

61. The actions of the Defendants were intentional, willful, and malicious and/or in reckless disregard of Plaintiff's rights as secured by 42 U.S.C. § 1983 and the Civil Rights Act of 1991.

62. The aforementioned conduct of Defendants has resulted in damages to Plaintiff, including but not limited to loss of pay, loss of benefits, emotional anguish, loss of job advancement, humiliation, embarrassment, and pain and suffering.

**Prayer For Relief**

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

A. All wages and benefits Plaintiff would have received but for the First Amendment violations, including but not limited to back pay, front pay, pre-judgment interest, and restoration of job assignments;

B. Compensatory damages in an amount to be determined at trial to compensate Plaintiff for the humiliation, anguish, and emotional distress caused by Defendants' conduct;

C. A permanent injunction enjoining Defendants from engaging in the practices complained of herein;

D. A permanent injunction requiring that Defendants adopt employment practices and policies in accord and conformity with the requirements of 42 U.S.C. § 1983;

E. A declaratory judgment that Defendants' actions violate 42 U.S.C. § 1983;

F. The Court retain jurisdiction of this case until such time as it is assured that Defendants have remedied the policies and practices complained of herein and are determined to be in full compliance with the law;

G. Punitive damages as allowed by law as against all individual Defendants;

H. An award of reasonable attorneys' fees, costs, and litigation expenses; and

I. Such other relief as the Court may deem just or equitable.

Respectfully submitted,

**ROBERT MAXWELL**

***s/Dana L. Kurtz***

______________________

One of Plaintiff's Attorneys

*Electronically filed on January 15, 2010*

Dana L. Kurtz (#6256245)
Heidi Karr Sleper (#6287421)
Alenna K. Bolin (#6215781)
KURTZ LAW OFFICES, LTD
414 South State Street
Lockport, Illinois 60441
Phone: 815.838.0968
Facsimile: 312.893.2239
E-mail: dkurtz@kurtzlaw.us
E-mail: hsleper@kurtzlaw.us
E-mail: abolin@kurtzlaw.us